FILED
SUPERIOR COURT
OF GUAM

2014 JUN -2 PM 4:26

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0515-11 |
| | ) | |
| vs. | ) | DECISION & ORDER RE: |
| | ) | PEOPLE'S MOTION AND |
| RAYMOND TORRES TEDTAOTAO, | ) | ORDER FOR DISMISSAL |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon for a Motion Hearing on February 19, 2014. Assistant Attorney General Jesse Nasis represented the People of Guam (the "People"). Attorney Samuel Teker represented Defendant Raymond Torres Tedtaotao ("Defendant") who was present. The Court took the matter under advisement and now issues this written Decision and Order.

After reviewing the People's Motion and Order for Dismissal ("Motion") filed on Feb. 18, 2014, hearing oral argument from the People and Defendant's non-opposition, and reviewing the applicable statutes and case law, this court finds that dismissal of the case would be manifestly contrary to the public interest and not in the interest of justice. The Court therefore finds that the Motion was brought in bad faith and is hereby **DENIED** for the reasons discussed below.

//

//

## II.

## PROCEDURAL BACKGROUND

Defendant was indicted on September 28, 2011 on charges of Attempted Burglary (as a 2nd Degree Felony)[1]; Identity Theft (as a 3rd Degree Felony); Theft of Property (as a Misdemeanor); and two counts of Fraudulent Use of a Credit Card (as a Misdemeanor). Defendant was also given notice in the Indictment that he was subject, if convicted, to an enhanced sentence under 9 GCA § 80.37.5 for the commission of a felony while on felony release.

Pursuant to a Stipulation and Order filed January 2, 2014, the Court scheduled a Pre-Trial Conference and Hearing on All Motions for February 11, 2014 and Jury Selection and Trial for February 19, 2014. One week after the Pre-Trial Conference and Hearing on All Motions, the instant Motion was untimely filed on February 18, 2014. The Court set a hearing on the matter expeditiously for 10:00 AM on February 19, 2014, three hours before Jury Selection and Trial was scheduled to commence.

At the Motion Hearing, Defendant did not oppose the Motion. However, as discussed below, Defendant's non-opposition is not dispositive, as a granting of the Motion requires leave of Court under statutory law and our case law is clear that "the proper administration of the criminal law cannot be left merely to the stipulation of parties." *People v. Riocne*, 2012 Guam 5 ¶ 6 (quoting *People v. Yingling*, 2009 Guam 11 ¶ 13 (quoting *Young v. United States*, 315 US 257, 259 (1942))).

---

[1] The People moved to dismiss the charge of Attempted Burglary on January 4, 2012 and the Honorable Judge Elizabeth Barrett-Anderson granted the motion on January 13, 2012. Motion and Order of Dismissal (Jan. 13, 2012).

# III.

# LAW AND ANALYSIS

## A. Dismissal of this Matter Requires Leave of Court

Title 8 GCA § 80.70(a) outlines the procedure under which the People's Motion is brought:

> The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

This section clearly establishes that "[b]ecause leave of court is required, the dismissal under section 80.70(a) is an act of the court." *People v. Gutierrez*, 2005 Guam 19 ¶ 31. This rule marks a change from the common law rule of *nolle prosequi* which has been abandoned in Guam pursuant to 8 GCA § 80.80[2] and which was a power once vested in the prosecuting attorney to dismiss a criminal case in his or her sole discretion. *See Gutierrez* ¶ 28 n. 3; *People v. Rios*, 2008 Guam 22 ¶ 21; and *People v. Flores*, 2009 Guam 22 ¶ 23. Consequently, this Court is duty bound to examine the grounds of the instant Motion and rule on its merit.

## B. The Court Presumes Good Faith by the People in Bringing the Motion

Although the People of Guam no longer have the unfettered discretion to dismiss a case under its common law power of *nolle prosequi*, Guam law analogizes 8 GCA § 80.70(a) motions to those brought under Rule 48(a) of the Federal Rules of Criminal Procedure (*Gutierrez* ¶ 48) and Guam adopts the federal presumption that the prosecutor brings the motion

---

[2] "The entry of a nolle prosequi is abolished, and a prosecuting attorney cannot discontinue or abandon a prosecution for any offense, except as provided in § 80.70."

in good faith. Gutierrez ¶ 52 ("The circuit courts have universally held that the prosecution is entitled to a presumption of good faith when bringing a Rule 48(a) motion and the motion should generally be granted as a matter of course."). The presumption, however, is not absolute, and "is rebutted upon a showing of a lack of good faith." *Gutierrez* ¶ 53 (citing *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982)). This good faith presumption may be rebutted by a finding of considerations "clearly contrary to the public interest" (*Gutierrez* ¶ 54 (quoting *Salinas* at 351)) or if the dismissal "would be clearly contrary to manifest public interest…". *Gutierrez* ¶ 54 (quoting *United States v. Rush*, 240 F.3d 729, 730 (8th Cir. 2001).

### C. The Court Finds Dismissal Would Be Contrary to the Public Interest

The People's moving papers requested dismissal on the ground that "Defendant was previously sentenced to two (2) life sentences in [*People of Guam v. Raymond Torres Tedtaotao*,] Guam Superior Court Criminal Case No. CF 218-13-01, and thus it would be in the best interest of justice to dismiss this case." Motion at 1 (Feb. 18, 2014). During the hearing on the Motion, the Court found that this statement barely complied with the requirement of 8 GCA § 80.70(a) that the "prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal…" and the People failed to provide any other articulable reason to support a dismissal of the charges. The Court now considers whether the imposition of two life sentences upon the Defendant in Criminal Case No. CF 0218-13-01 is sufficient grounds for the dismissal.[3]

---

[3] It is noteworthy to mention that the Court subsequently considered the dismissal of *People of Guam v. Raymond T. Tedtaotao*, Criminal Case No. CF0289-13. CF0289-13, like the instant case, was also trailing the final adjudication of CF0218-13-01. In CF0289-13, Defendant was charged with Burglary (As a 2nd Degree Felony) and Theft of Property (As a 2nd Degree Felony), which are of similar nature and degree to the charges in this case.

As a preliminary matter, the stated reason upon which dismissal was based is no longer true. Defendant's sentence in CF0218-13-01 has since been amended to fifty-five (55) years by this Court on May 21, 2014, and a Notice of Appeal was filed on May 27, 2014. Although the details were not known to the People at the time of this Motion, they should have been well aware that the imposition of two life sentences was subject to change given that Judgment in CF0218-13-01 had not issued; that the matter was appealable once the Judgment had issued; and the sentence imposed on January 22, 2014 was still subject to a motion to reduce within 120 days under 8 GCA § 120.46. As the People's stated reason for dismissal remains subject to modification or being vacated, this Court can give little to no reliance upon this justification.

More importantly, however, is that any sentence imposed upon the Defendant in a separate criminal matter does *not* address the consideration of any redress on behalf of the victim of Defendant's crime in *this* case. Indeed, the record in this matter presents multiple, significant interests implicating the public interest. A brief review of the factual and procedural history of this matter reveals the following:

1. A victim who allegedly suffered damages of several hundred dollars and theft of her identity. Furthermore, the People have failed to show the Court that the victim was properly notified of a potential dismissal of the action, as required by the Basic Bill of Rights for Victims, 8 GCA § 160.50(k) ("In cases charged and pled to as a felony,

---

The Court dismissed CF0289-13 <u>without prejudice</u> (above the objection of the People) for procedural reasons on February 24, 2014—within a week of hearing the People's motion for dismissal in the instant case. The People have since appealed the dismissal of CF0289-13 in Supreme Court Case No. CRA14-003. The Court finds something inherently askew in the administration of justice when the prosecution of a criminal matter against the same defendant in several crimes and involving similar charges is left solely to the seemingly arbitrary assignment of the prosecutor to the case, especially when, as here, the grounds advanced by the People for dismissal are based on a sentence that Defendant has received in a yet another wholly unrelated case.

[victims shall have the right] to be informed by the prosecutor, by telephone, facsimile or mail, of all trials, changes of pleas, sentencing and other major developments at least three (3) working days in advance.")(emphasis added).

2. The litigation of this case has consumed a large amount of wholly public funds[4] and time, encompassing at least ten (10) written motions[5], and over twenty (20) hearings. The expenditure of these public monies is itself evidence of the public interest in resolving the matter through the faithful discharge of the prosecutor's duties.[6]

3. Defendant's interest in closure and certainty. The People's requested remedy of dismissal without prejudice leaves the possibility that Defendant can be re-charged and re-indicted. The need for certainty is even greater when, as here, Defendant was only hours from commencing trial.[7]

In determining that a granting of the People's Motion would not be in the public interest, this Court is mindful of a distinction between a Rule 48(a) motion and the instant 8 GCA § 80.70(a) Motion highlighted in *Gutierrez* ¶ 49: Rule 48(a) motions, as a component of federal

---

[4] Defendant was found indigent and represented by court-appointed private counsel who is reimbursed from public funds at $90 per hour.

[5] Motion to Suppress Photo Line Up (Oct. 26, 2011); Motion to Dismiss Based Upon Photo Line Up (Oct. 26, 2011); Motion to Suppress Latent Fingerprint (Oct. 26, 2011); Motion to Dismiss Based Upon Latent Fingerprint (Oct. 26, 2011); Motion to Dismiss Based Upon Lack of Probable Cause (Oct. 26, 2011); Motion to Appoint an Expert Witness (Nov. 14, 2011); Motion for Leave to File Motion Greater Than 20 Pages (Nov. 14, 2011); Motion to Exclude Testimony of Video Identification (Nov. 14, 2011); Motion to Exclude Testimony of Fingerprint Examiner (Nov. 14, 2011); People's Motion to Dismiss Count One of the Indictment (Jan. 4, 2012); Motion to Modify Bail (Feb. 7, 2012).

[6] The public has an interest in "[being] secure from crime through the regular enforcement of the criminal laws." *Gutierrez* ¶ 68 (quoting *State v. Braunsdorf*, 297 N.W.2d 808, 816 (Wis. 1980)).

[7] One purpose of the requirement for leave of court is to "prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime." *Gutierrez* ¶ 66 (quoting *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984).

practice are frequently decided in the context of the Federal Government's *Petite* policy.[8] Where this is no prior prosecution for the same acts and federal action appears unlikely, this Court finds that the people of Guam have an even stronger manifest public interest in the prosecution of crimes by their elected Attorney General. The absence of a faithful discharge of the prosecutor's duty renders the provisions of 9 GCA a nullity.

### D. The Timing of the Motion is a Failure of Counsel of the Duty Owed to the Court

The Court finds the timing of the People's Motion questionable as the proffered reason for dismissal was known to the People for almost a month prior to the bringing of the Motion (Defendant was sentenced in CF0218-13-01 on Jan. 22, 2014 and the instant Motion was filed Feb. 18, 2014), and the instant Motion was filed one day before the trial was scheduled to commence, argued three hours before trial was scheduled to begin, and one week <u>after</u> the first pre-trial conference in this matter. The People have disregarded any of the markers of timeliness or diligence in filing this Motion.

The Court cannot determine from the record if this pattern of tardiness is a product of "inadvertence, mistake, or error of judgment" (*People v. Manibusan*, 1998 Guam 22 ¶ 11 (citing *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) or is "'an intentional departure from proper conduct, or a [...] a reckless disregard of duty owed by counsel to the court'" (*Id.* (quoting *United States v. Ross*, 535 F.2d 346, 349 (6th Cir. 1976)), justifying the imposition of monetary sanctions.

---

[8] "As stated by the Department of Justice, under that policy a federal trial following a state prosecution of the same act or acts is barred, 'unless the reasons are compelling.'" *Rinaldi v. United States*, 434 U.S. 22, 24 n. 5 (1977); *see also Petite v. United States*, 361 U.S. 529 (1960).

Since the Court has found that the presumption of good faith ascribed to the People's Motion has been rebutted, as discussed in sections III. B. and C. of this Decision and Order, *supra*, the Court believes further fact-finding on the issue of timeliness is necessary and will consider issuing an Order to Show Cause upon the prosecuting attorney in this matter to determine if sanctions aside from public chastisement as set forth herein are warranted. *See People v. Tuncap*, 1998 Guam 13 ¶ 24 ("Although the appropriateness of a sanction rests in the trial judges sound discretion, the sanction chosen must be proportionate to the misconduct." (citing *United States v. Gee*, 695 F.2d 1165, 1168-1169 (9th Cir. 1983))).

## IV.

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that the People's Motion and Order for Dismissal is **DENIED**.

The Court will issue a new Criminal Trial Scheduling Order in this matter and will consider issuing an Order to Show Cause upon the People.

**SO ORDERED** this ___**JUN 0 2 2014**___ day of May, 2014.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of AG. S. Toko .

Date: 4/2/14 Time: 4:24
Deputy Clerk, Superior Court of Guam